UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN HENRY RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  1:06-CV-153 TS |
| v. | ) |
| | ) |
| KEVIN PAULEY, *et al.* | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

John Henry Ray, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and a more definite statement pursuant to Fed. R. Civ Pro. 12(e). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Ray alleges that he was arrested without probable cause. He submits that he was riding a motor scooter with another person at about 1 a.m. on July 11, 2004, when he fell off as it turned sharply. Shortly thereafter, Lt. Kevin Pauley arrived, found him laying in the grass and arrested him. Mr. Ray was handcuffed and laid on the ground in front of the police car. At some time, while this was happening, the Plaintiff told the police that his was on parole in Kansas and that his parole officer in did not know that he was out of state. Lt. Pauley and Deputy Todd Fleece then alternately searched the surrounding area and, ten or fifteen minutes later, Deputy Fleece discovered a gun and a hat.

> To succeed on his unlawful arrest claim . . . [the plaintiff] must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer—seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted).

At this stage of the proceedings, the Court will allow the Plaintiff to proceed on his Fourth Amendment claim that he was unlawfully detained by Lt. Pauley for the ten to fifteen minutes, while the officers searched the vicinity of the accident. The Complaint does not reveal any grounds for either a *Terry* stop or an arrest. However, since Deputy Fleece did not arrest Mr. Ray, he must be dismissed.

In contrast, once the gun was found in the vicinity of the accident, the unlawful detention, if any, ended. At this point, probable cause existed to arrest Mr. Ray as a felon in possession of a firearm because the Plaintiff had told the police that his parole officer in Kansas did not know that he was out of state. Although Mr. Ray believes that the officers' search of the vicinity was illegal, the Complaint does not allege that he had any expectation of privacy in the area.[1] Nor is there a reasonable inference of privacy under these circumstances.

Mr. Ray also alleges that the police gave false statements during his jury trial. Section 1983 did not abrogate the absolute witness immunity existing at common law. *Briscoe v. LaHue*, 460 U.S. 325 (1983). The testimony of a witness is protected by absolute witness immunity. *See House v. Belford*, 956 F.2d 711, 720–71 (7th Cir. 1992). Therefore this claim must be dismissed.

Finally, Mr. Ray alleges that the prosecutor committed perjury and falsified evidence during his cross-examination of him. Though the prosecutor is not a defendant to this action, it would not be helpful even if he were. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Cross-examining a defendant during a jury trial is intimately

---

[1] Because the gun was not the product of an illegal search or arrest, it would not have been suppressible and therefore this claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits civil litigation that would undermine a criminal conviction.

associated with the judicial phase of the criminal process, therefore this claim must also be dismissed.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Lt. Kevin Pauley in his individual capacity for monetary damages on his Fourth Amendment unlawful arrest claim;

(2) DISMISSES all other claims;

(3) DISMISSES Deputy Todd Fleece;

(4) DIRECTS the clerk to transmit the summons and USM-285 for Lt. Kevin Pauley to the United States Marshals Service along with a copy of this order, a copy of the complaint (DE 1), and a copy of the more definite statement (DE 9);

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lt. Kevin Pauley; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Kevin Pauley respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 12, 2006.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

4